Filed in Open Court
4/30/08 NMF

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,       )
                                )
                  Plaintiff,    )
          v.                    )
                                )
MIZRAIN GONZALEZ,               )       Criminal Action No. 07-135-SLR
                                )
                  Defendant.    )

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, and the defendant, Mizrain Gonzalez, by and through his attorney, John S. Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1.       The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment, which charges him with possession with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (Count Two). Defendant also agrees to plead guilty to Count Three of the Indictment which charges him with possession of a firearm in connection with a drug trafficking crime, in violation of Title 18 United States Code, Sections 924(c)(1)(A), (c)(1)(B)(I) & (2) (Count Three).  Count Two carries a maximum sentence of a term of imprisonment of twenty years, a fine of $1,000,000, or both, at least three years supervised release, and a $100 special assessment.  The penalty for Count Three carries an additional term of imprisonment of ten mandatory,

consecutive years to any sentence received on Count Two up to a life term of imprisonment, a $250,000 fine, five years supervised release and a $100 special assessment.

2.      The defendant understands that if there were a trial, the Government would have to prove the following elements of the offense charged in Count Two: namely, (1) that on or about September 18, 2007, the defendant knowingly; (2) possessed; (3) with intent to distribute; (4) a mixture and substance containing a detectable amount of heroin. The Government would have to prove the following elements of the offense charged in Count Three: namely, (1) that on or about September 18, 2007, the defendant knowingly; (2) possessed a short-barreled shotgun, namely a Remington 870 Series shotgun, serial number W992706M; (3) in furtherance of a drug trafficking crime, namely possession with intent to distribute heroin as set forth in Count Two of the Indictment. The defendant knowingly, voluntarily and intelligently admits his guilt to each of the elements charged in Counts Two and Three of the Indictment in the above case.

3.      On or around the sentencing date, the government will dismiss the remaining counts of the Indictment.

4.      The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count Three of the Indictment, to wit, a Remington 870 Series shotgun, serial number W992706M and ammunition and United States currency in the amount of $10,275.

5.      The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and

2

incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

6.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction, if the defendant qualifies for such a decrease under United States Sentencing Guideline Section 3E1.1(b).

7.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8.      The United States Attorney reserves the right to defend any ruling of the District

3

Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance.

9.     It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

BY: _____
Lesley F. Wolf
Assistant United States Attorney

Mizraín González
Defendant

John S. Malik, Esquire
Attorney for Defendant

Dated: 4/29/08

4

AND NOW, this ~~30th~~ day of _April_ , 2008, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.

Honorable Sue L. Robinson
United States District Judge